**FILED**
**CLERK**

7/10/2026 2:50 pm

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X
SECURITIES AND EXCHANGE COMMISSION,

                       Plaintiff,

         - against -

BARIS CABALAR,

                    Defendant.
------------------------------------------------------------------X

MEMORANDUM
AND ORDER

Civil Action
No. 24-7274 (GRB)(LGD)

**GARY R. BROWN, United States District Judge**:

Presently before the Court is a motion to dismiss the Amended Complaint pursuant to Rule 12 of the Federal Rules of Civil Procedure filed by defendant Baris Cabalar ("defendant"). Docket Entry ("DE") 33. For the reasons stated herein, defendant's motion is DENIED.

## Factual Background

The following facts are taken from the Amended Complaint, DE 23, which are assumed to be true for the purposes of a motion to dismiss:

In 2015, defendant began serving as a registered representative at a broker-dealer firm called PHX Financial, Inc. ("PHX Financial"). DE 23 at ¶ 15. In that role, defendant recruited customers – often via telephone – and recommended purchases and sales of securities to them. *Id.* ¶¶ 20-21. The Securities and Exchange Commission ("plaintiff" or "SEC") alleges that from January 2019 through October 2021 (the "Relevant Period"), defendant defrauded eight of his customers in violation of federal securities laws when he recommended a series of "short-term, high volume" trades. *Id.* ¶ 29. Allegedly, defendant made the recommendations without any reasonable basis to believe that the strategy would be profitable when considering the attendant commissions and fees charged and retained by defendant and PHX Financial. *Id.*

1

For each transaction, defendant and PHX Financial charged a commission of up to 3.5% of the value of the trade and a $49 fee. *Id.* ¶ 24. Plaintiff alleges that defendant recommended frequent purchases and sales of securities to his customers – occasionally recommending the purchase and sale of the same security on the same day or within the same week – such that, after PHX Financial and defendant deducted commissions and fees from the transactions, the customers had little chance to profit. *Id.* ¶¶ 3, 38.

Nevertheless, "[i]n recruiting potential customers, [defendant] told them that he could help them to earn good returns." *Id.* ¶ 56. In one instance, defendant allegedly told a customer named "Steven D." that he could help him recoup $70,000 that he had invested – and lost – with a different broker and could do so in approximately one year with only an $88,000 investment. *Id.* ¶ 42. Instead, Steven D. lost $36,436 from his investment account with defendant. *Id.* ¶ 48. Overall, following defendant's recommendations, the eight customers allegedly lost over $1,000,000 combined during the Relevant Period, while PHX Financial and defendant made over $400,000. *Id.* ¶ 4.

As further support for the fraud allegations, plaintiff submits that the annualized cost-to-equity ratios for the customers' accounts during the Relevant Period ranged from 40.41% to 61.22%, and the annualized turnover rates ranged from 7.62 to 47.07. *Id.* ¶¶ 46–47. Plaintiff alleges that cost-to-equity ratios exceeding 20% and turnover rates of 6.0 or more are generally indicative of excessive trading. *Id.* ¶¶ 33, 35. Thus, plaintiff alleges that defendant knew – or at least recklessly disregarded the risk – that his recommended trading strategy would prove unprofitable. Defendant allegedly solicited the trades to enrich himself and PHX Financial at the customers' expense.

In addition to the alleged securities fraud, plaintiff also alleges that defendant violated Regulation Best Interest ("Reg BI"), a regulation that was adopted by the SEC on June 30, 2020 to codify the standard of conduct for broker-dealers.  17 C.F.R. § 240.15l-1.  The regulation essentially requires a person associated with a broker or dealer to act in the best interest of his or her customers.  Prior to Reg BI's effective date, defendant received training – and passed a test – covering Reg BI's requirements.  DE 23 ¶¶ 75-76.  Plaintiff alleges that from October 1, 2020 through October 31, 2021,[1] defendant violated Reg BI by failing to consider the commissions and fees levied on his customers along with each trade that he recommended and the likelihood that his high turnover strategy would invariably result in losses, such that he did not have a reasonable basis to believe that the trades were in his customers' best interests.  *Id.* ¶ 74.

### **Procedural History**

Plaintiff commenced the instant action on October 16, 2024 alleging three causes of action for violations of: (1) Section 17(a) of the Securities Act of 1933 (the "Securities Act"); (2) Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 thereunder; and (3) Reg BI.  *See* DE 1.  On April 22, 2025, the Court held a pre-motion conference regarding defendant's anticipated motion to dismiss the initial complaint.  There, the Court dismissed plaintiff's first and second causes of action with permission to replead.  On June 6, 2025, plaintiff filed the Amended Complaint.  *See* DE 23.  The Court held a second pre-motion conference on January 28, 2026 regarding defendant's anticipated motion to dismiss the Amended Complaint and directed full briefing.

---

[1] No trading occurred in the customers' accounts from July 2020 through September 2020, so the alleged Reg BI violations occurred only during the period October 1, 2020 through October 31, 2021.  DE 23 ¶¶ 6-7, 46.

Defendant now moves to dismiss the Amended Complaint pursuant to Rule 12(b)(6), arguing that the complaint is not pled with the requisite particularity under Rule 9(b).

**Discussion**

### I.    *Standard of Review*

In deciding defendants' motions to dismiss, the Court has applied the well-trodden standard, recently discussed in *Potter v. Inc. Vill. of Ocean Beach*, No. 23-6456 (GRB)(ARL), 2024 WL 3344041, at *4 (E.D.N.Y. July 9, 2024), in deciding defendants' motions to dismiss. In sum, assuming the allegations of the complaint to be true and drawing inferences in favor of plaintiff, the factual matters asserted must be facially plausible and support the propounded claims.

"Section 10(b), Rule 10b-5 and Section 17(a) all sound in fraud.  Accordingly, to state a violation of these provisions, the plaintiff must state 'the circumstances constituting fraud or mistake' with 'particularity'" in accordance with Rule 9(b) of the Federal Rules of Civil Procedure.  *SEC v. Thompson*, 238 F. Supp. 3d 575, 591 (S.D.N.Y. 2017) (quoting Fed. R. Civ. P. 9(b)).  A party alleging securities fraud under Section 17(a), Section 10(b) and Rule 10b-5 must "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent."  *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 99 (2d Cir. 2007).

Defendant argues that the heightened pleading standards of Rule 9(b) should also apply to plaintiff's Reg BI claim.  When analyzing which pleading standard applies, the Second Circuit instructs district courts to look not only to whether allegations are "styled or denominated as fraud or expressed in terms of the constituent elements of a fraud cause of action" but also to "the conduct alleged."  *Rombach v. Chang*, 355 F.3d 164, 171 (2d Cir. 2004).  Defendant asserts

4

that because plaintiff's Reg BI claim rests on substantially the same allegations of fraud that make up plaintiff's Section 17(a), Section 10(b) and Rule 10b-5 claims, plaintiff's Reg BI claim must be pled with particularity.

However, plaintiff's Reg BI allegations – located in a separate section of the Amended Complaint – differ from the fraud allegations.  As to Reg BI, plaintiff alleges that even after receiving training and passing a test concerning Reg BI's requirements, defendant did not exercise the requisite diligence, care and skill to develop a "reasonable basis to believe" that the trades he solicited placed his customers' interests before his and PHX Financial's interests.  DE 23 ¶¶ 75-76, 84-85.  By contrast, plaintiff's fraud claims include allegations that defendant knowingly made material misrepresentations to his customers to defraud them.

Many district courts – and the Second Circuit – have held that certain Securities Act claims that do not sound in fraud are not subject to heightened pleading requirements merely because they are asserted alongside fraud claims, and those decisions are directly analogous here.  Ultimately, plaintiff's claims under Reg BI and the antifraud provisions are "analytically distinct, even if overlapping conduct forms the basis for both."  *In re NIO, Inc. Sec. Litig.*, No. 19-CV-1424 (NGG) (JRC), 2021 WL 3566300 at *5 (E.D.N.Y. Aug. 12, 2021) (finding that the heightened pleading requirements of Rule 9(b) did not apply to a claim under Section 11 of the Securities Act not premised on fraud).  Here, "[p]laintiff made more than nominal efforts to distinguish the [Reg BI] claims from the fraud-based claims."  *Pappas v. Qutoutiao Inc.*, 2024 WL 4588491 at *2 (2d Cir. Oct. 28, 2024) (summary order) (finding that the plaintiff's Securities Act claims "will not be held to a higher [pleading] standard because Plaintiff also exercised his right to sue Defendants for securities fraud.").  Accordingly, plaintiff's Reg BI claim is not subject to Rule 9(b)'s heightened pleading standard and instead need only satisfy the "notice

pleading" standard under Rule 8 of the Federal Rules of Civil Procedure. *See Panther Partners Inc. v. Ikanos Commc'ns, Inc.*, 681 F.3d 114 (2d Cir. 2012) (finding that Rule 8 applied to claims under Sections 11 and 12(a)(2) of the Securities Act because they were not premised on fraud).

## II.    *Analysis*

### a.    *Alleged Violations of Section 17(a), Section 10(b) and Rule 10b-5*

"Section 10(b) of the Exchange Act and Rule 10b-5, which prohibit fraud in the purchase or sale of a security, are violated if a person has (1) made a material misrepresentation or a material omission as to which he had a duty to speak, or used a fraudulent device; (2) with scienter; (3) in connection with the purchase or sale of securities." *SEC v. Frohling*, 851 F.3d 132, 136 (2d Cir. 2016) (internal quotations and citations omitted). "A false statement was made with the requisite scienter if it was made with the 'intent to deceive, manipulate, or defraud.'" *Id.* (quoting *SEC v. Obus*, 693 F.3d 276, 286 (2d Cir. 2012)). Scienter "may be established through a showing of reckless disregard for the truth, that is, conduct which is highly unreasonable and which represents an extreme departure from the standards of ordinary care," and "may be a matter of inference from circumstantial evidence." *SEC v. Laura*, 680 F. Supp. 3d 204, 225 (E.D.N.Y. 2023).

"The elements of a claim under § 17(a) of the Securities Act, which prohibits fraud in the 'offer or sale' of a security, are 'essentially the same' as the elements of claims under Section 10(b) and Rule 10b-5." *Frohling*, 851 F.3d at 136 (cleaned up). This is because plaintiff's only purpose in adopting Rule 10b-5 was "to make the same prohibitions contained in Section 17(a) of the 1933 Act applicable to purchasers as well as to sellers." *Birnbaum v. Newport Steel Corp.*, 193 F.2d 461, 463 (2d Cir. 1952).

6

Plaintiff points to two misrepresentations in the Amended Complaint that purportedly satisfy Rule 9(b).  First, plaintiff alleges that "[i]n recruiting potential customers, [defendant] told them that he could help them to earn good returns."  DE 23 ¶ 56.  Second, plaintiff alleges that one customer, Steven D., "had lost $70,000 that he had invested with a different broker," and as a result, defendant called Steven D. and "told him around the time that he opened his PHX Financial account in March 2020 that he could help him to recoup those losses in approximately a year."  *Id.* ¶ 42.

The second alleged misrepresentation passes muster under Rule 9(b).  Plaintiff identifies defendant as the speaker; states where and when the statement was made; and explained that the statement was fraudulent because defendant could not have had a reasonable basis to believe that he could recoup $70,000 within one year.  Steven D. opened his brokerage account at PHX Financial with only $88,000, which would have required defendant to generate a net profit of over 79%, exclusive of the commissions and fees charged by defendant and PHX Financial.  *Id.* ¶¶ 61-62.  As alleged, defendant's representation to Steven D. is so facially implausible so as to satisfy the scienter element of plaintiff's securities fraud claims.

Defendant argues that the alleged statement does not qualify as a misrepresentation because a footnote to the Amended Complaint shows that Steven D. "had a *profitable* investment through [defendant]."  DE 33-1 at 15 (emphasis in original).  But that footnote concerns a separate investment account that was managed by another adviser.  Plaintiff clearly alleges that Steven D. lost $36,436 in his investment account managed by defendant, rendering the statement a misrepresentation.  DE 23 ¶ 48.

Accordingly, defendant's motion to dismiss plaintiff's first and second causes of action under the antifraud provisions is denied.

7

**b. *Violations of Reg BI***

Reg BI imposes a "best interest obligation" that requires a person "who is an associated person of a broker or dealer, when making a recommendation of any securities transaction or investment strategy involving securities (including account recommendations) to a retail customer, [to] act in the best interest of the retail customer at the time the recommendation is made, without placing the financial or other interest of the . . . natural person who is an associated person of a broker or dealer ahead of the interest of the retail customer." 17 C.F.R. § 240.15l–1(a)(1).

The best interest obligation is satisfied where the person associated with a broker or dealer abides by four obligations: (1) the Disclosure Obligation, (2) the Care Obligation, (3) the Conflict of Interest Obligation, and (4) the Compliance Obligation. Plaintiff alleges that defendant violated the "Care Obligation," which requires him to use "reasonable diligence, care, and skill" to:

> (A) Understand the potential risks, rewards, and costs associated with the recommendation, and have a reasonable basis to believe that the recommendation could be in the best interest of at least some retail customers;

> (B) Have a reasonable basis to believe that the recommendation is in the best interest of a particular retail customer based on that retail customer's investment profile and the potential risks, rewards, and costs associated with the recommendation and does not place the financial or other interest of the broker, dealer, or such natural person ahead of the interest of the retail customer;

> (C) Have a reasonable basis to believe that a series of recommended transactions, even if in the retail customer's best interest when viewed in isolation, is not excessive and is in the retail customer's best interest when taken together in light of the retail customer's investment profile and does not place the financial or other interest of the broker, dealer, or such natural person making the series of recommendations ahead of the interest of the retail customer.

17 C.F.R. § 240.15l-1(a)(2)(ii)(A)-(C).

Plaintiff alleges that defendant violated the Care Obligation by failing to have a reasonable basis to believe that the transactions he solicited were in the best interests of his customers because the costs associated with the transactions made it virtually impossible that his customers could generate profits.  DE 23 ¶¶ 74, 83-85.  According to plaintiff, defendant failed to calculate and consider the total costs of the recommended trades, which led not only to his and PHX Financial's gain, but also to substantial losses for his customers.  *Id.* ¶ 84-86.  Plaintiff's allegations in the Amended Complaint are sufficient "to meet the lenient standard of Rule 8." *Wynder v. McMahon*, 360 F.3d 73, 80 (2d Cir. 2004).

Accordingly, defendant's motion to dismiss plaintiff's third cause of action under Reg BI is denied.

### Conclusion

For the reasons set forth above, defendant's motion to dismiss is DENIED in its entirety.

**SO ORDERED.**

Dated: Central Islip, New York
      July 10, 2026

*/s/ Gary R. Brown*
GARY R. BROWN
United States District Judge

9